## COFFIN v. REICHARD.

### No. 9825.

Circuit Court of Appeals, Sixth Circuit.

July 3, 1944.

444

Lyman Glover Coffin, in pro. per.

Before HICKS, HAMILTON, and Mc-ALLISTER, Circuit Judges.

PER CURIAM.

The motion of appellant to file his appeal herein in forma pauperis is granted.

Appellant, appearing in propria persona, presented to the District Judge a petition for leave to file for writ of habeas corpus, which petition the Judge rejected on the ground that upon its face there was no showing petitioner was entitled to the writ. It appears from the petition that on February 27, 1942, petitioner was indicted in the United States District Court for the Western District of Missouri, Western Division, for a violation of Title 18 U.S.C.A. § 28, and on March 11, 1942, he plead guilty to the indictment and received a sentence which was suspended and the petitioner placed on probation and that on May 10, 1943, the probation was revoked and the suspension of sentence set aside and petitioner was ordered by the court to serve the original sentence in an institution designated by the Attorney General of the United States, and that pursuant to the judgment and sentence of the court, petitioner has since been confined in the United States Public Health Service Hospital at Lexington, Kentucky. It also appears that petitioner was charged in the indictment with forging the name of Dr. George L. Ivey, to a prescription for morphine sulphate. Petitioner alleges that on January 31, 1944, he discovered that the name, Dr. Ivey, was a fiction. Petitioner further alleges that at the time he plead guilty he was physically ill and mentally incapable of discussing intelligently with the attorney appointed by the court, his defense or what plea he should enter and that the narcotic agent obtained a confession from him while petitioner was being held incommunicado and before he had been allowed to see an attorney or any member of his family.

The petition for the writ is not to be scrutinized with technical nicety but should be liberally applied. In our opinion the facts alleged in the petition insofar as they relate to the physical and mental condition of the petitioner at the time he entered his plea and signed his confession are sufficient to require the court to issue a rule on respondent to show cause why a writ should not issue. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.

Appellant tendered in this court an original petition for a writ of habeas corpus in which he particularizes facts showing that while confined in the United States Public Health Service Hospital at Lexington, Kentucky, and in the custody of appellee, Dr. John D. Reichard, he suffered bodily harm and injuries and was subjected to assaults, cruelties and indignities from guards and his co-inmates. The detail of these incidents is unnecessary to a decision of the issue before us. Suffice it to say, the acts of which appellant complains, if true, were contrary to the regulations of the institution in which he was confined and were not necessary for the proper

punishment of an insubordinate inmate to secure his submission and obedience to its reasonable rules and regulations.

This petition will be treated as an amendment to appellant's original petition and will be referred to the district court for its consideration. Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034.

■ Any unlawful restraint of personal liberty may be inquired into on habeas corpus. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149. This rule applies although a person is in lawful custody. His conviction and incarceration deprive him only of such liberties as the law has ordained he shall suffer for his transgressions.

The Government has the absolute right to hold prisoners for offenses against it but it also has the correlative duty to protect them against assault or injury from any quarter while so held. A prisoner is entitled to the writ of habeas corpus when, though lawfully in custody, he is deprived of some right to which he is lawfully entitled even in his confinement, the deprivation of which serves to make his imprisonment more burdensome than the law allows or curtails his liberty to a greater extent than the law permits. Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429.

■ A prisoner retains all the rights of an ordinary citizen except those expressly, or by necessary implication, taken from him by law. While the law does take his liberty and imposes a duty of servitude and observance of discipline for his regulation and that of other prisoners, it does not deny his right to personal security against unlawful invasion.

When a man possesses a substantial right, the courts will be diligent in finding a way to protect it. The fact that a person is legally in prison does not prevent the use of habeas corpus to protect his other inherent rights.

■ 28 U.S.C.A. § 461 authorizes the court in habeas corpus proceedings to dispose of the party "as law and justice require." The judge is not limited to a simple remand or discharge of the prisoner, but he may remand with directions that the prisoner's retained civil rights be respected, or the court may order the prisoner placed in the custody of the Attorney General of the United States for transfer to some other institution.

The order of the District Judge is reversed and the cause remanded with directions to file appellant's petition for a writ of habeas corpus and the amendment thereto, to appoint counsel to represent him and to issue a show cause order directed to appellee.