**Application of Mary E. BRUX, For a Writ of Habeas Corpus.**

**No. 375.**

United States District Court
D. Hawaii.

May 1, 1963.

Louis B. Blissard, Honolulu, Hawaii, for petitioner.

Herman T. F. Lum, U. S. Atty., for Dist. of Hawaii, by T. S. Goo, Asst. U. S. Atty., for Brigadier General Carl A. Youngdale.

TAVARES, District Judge.

Kurt W. Brux, a Corporal in the United States Marine Corps, has been held in confinement at Kaneohe Marine Corps Air Station, in this District, since September 6, 1962, on a charge of first degree murder. Such custody is in Brigadier General Carl A. Youngdale, United States Marine Corps, Commanding General, First Marine Brigade, Kaneohe Marine Corps Air Station.

On April 4, 1963, Mary E. Brux, the mother of said Kurt W. Brux, and the petitioner herein, filed in the Circuit Court of the First Circuit, State of

Hawaii, in the Matter of the Guardianship of Kurt W. Brux, an Incompetent Person, P. No. 24133, with the approval of Louis B. Blissard, Brux's attorney in the criminal matter, a Petition for Appointment of Guardian and for Special Allowances, pursuant to Revised Laws of Hawaii, 1955, § 331–1 et seq., as amended, alleging that said Brux has $322.00 accumulated wages at said Marine Corps Air Station and monthly wages accruing at $70.07 per month and that he is incompetent to manage his financial affairs. It is prayed that the Court make an order for the giving of notice of the hearing of said petition, that the Court find that said Brux is incompetent to handle his own financial affairs, that the Court appoint a Guardian to handle his affairs and that said Guardian be authorized to pay for psychiatric and legal fees when incurred by him.

Revised Laws of Hawaii, 1955, as amended, § 338–10, requires that the judge cause notice of the hearing to be given to the alleged incompetent person not less than fourteen days before the date set for such hearing. The hearing on said petition was set for April 25, 1963. The judge of said Court directed that notice of the date set for said hearing be served on said Brux.

On April 9, 1963, an officer of said Court endeavored to serve such notice on said Brux but he was prevented from doing so by said General Youngdale through Colonel Jules M. Rouse of his command.

On April 22, 1963, said Mary E. Brux filed in this Court an application for a writ of habeas corpus, alleging such restraint of access to the civil Courts of said Brux was in violation of Section 1310, Manual of the Judge Advocate General, 32 CFR 720.8 and that such application of Section 1310 and the section itself are violations of the constitutional right of said Brux to access to the civil Courts.

General Youngdale appeared in response to an Order to Show Cause issued by this Court and a hearing was had thereon. At the hearing, General Youngdale filed a Motion to dismiss the application herein on the grounds that it fails to state a claim upon which relief can be granted and that this Court lacks jurisdiction over the subject matter thereof.

28 United States Code, § 2241(c), provides as follows:

"The writ of habeas corpus shall not extend to a prisoner unless—

"(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof * * *."

Brux is a prisoner in custody under the authority of the United States and is committed for trial before a Court thereof.

■ There is no doubt that it is a deprivation of a person's constitutional rights to prevent his access to the civil Courts.[1] Access of Brux to the Court of the State of Hawaii for his benefit is sought by his mother, with the approval of Louis B. Blissard, who is his attorney in the criminal matter and who is his mother's attorney in the within matter.

■■ Respondent contends that the writ of habeas corpus does not lie if the detention is lawful and that, inasmuch as it is not contended herein that the detention of Brux for trial on the criminal charge is unlawful, the writ cannot issue. As applied to the peculiar facts of this case, this Court believes that the reasoning of Coffin v. Reichard (1944), 6th Cir., 143 F.2d 443, 155 A.L.R. 143, is more appropriate and sound than that of other cases cited contra. In that case, at page 445, the Court said:

"Any unlawful restraint of personal liberty may be inquired into on habeas corpus. In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149. This rule applies although a person is in lawful custody. His conviction and incarceration deprive him only of such liberties as the law

---

1. See United States v. Ragen (1944), 7th Cir., 143 F.2d 774, 777.

has ordained he shall suffer for his transgressions.

"The Government has the absolute right to hold prisoners for offenses against it but it also has the correlative duty to protect them against assault or injury from any quarter while so held. A prisoner is entitled to the writ of habeas corpus when, though lawfully in custody, he is deprived of some right to which he is lawfully entitled even in his confinement, the deprivation of which serves to make his imprisonment more burdensome than the law allows or curtails his liberty to a greater extent than the law permits. Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429.

"A prisoner retains all the rights of an ordinary citizen except those expressly, or by necessary implication, taken from him by law. While the law does take his liberty and imposes a duty of servitude and observance of discipline for his regulation and that of other prisoners, it does not deny his right to personal security against unlawful invasion.

"When a man possesses a substantial right, the courts will be diligent in finding a way to protect it. The fact that a person is legally in prison does not prevent the use of habeas corpus to protect his other inherent rights." [2]

Respondent further contends that the writ of habeas corpus can issue only when it will result in the complete release of the prisoner. There are two answers to this contention. First, in Coffin v. Reichard, supra, 143 F.2d at page 445, the Court said:

"28 U.S.C.A. § 461 authorizes the court in habeas corpus proceedings to dispose of the party 'as law and justice require.' The judge is not limited to a simple remand or discharge of the prisoner, but he may remand with directions that the prisoner's retained civil rights be respected, or the court may order the prisoner placed in the custody of the Attorney General of the United States for transfer to some other institution." [3]

Second, the Court may treat the application for a writ of habeas corpus as an application or motion for any type of relief warranted by the evidence.[4]

Colonel Rouse testified that he is the Staff Legal Officer under the command of the respondent, that he refused to permit the service on Brux of the notice mentioned and that he acted under Section 1310, Manual of the Judge Advocate General, 32 CFR 720.8. This section provides as follows:

"*Service of Process Upon Personnel of the Naval Establishment*

"a. *Within the jurisdiction.* Commanding officers afloat and ashore are authorized to permit service of process of Federal, State, Territorial, or local courts upon naval personnel or civilians named therein and located within the jurisdiction of the court out of which the process issues, but such service should not be allowed without the permission of the commanding officer first being obtained. In cases where the exigencies of the service

---

2. Snow v. Roche (1944) 9th Cir., 143 F.2d 718, is distinguishable in that the prisoner did not claim a deprivation of any of his constitutional rights.

3. The provision of 28 United States Code, Section 461, mentioned, is now in 28 United States Code, § 2243. See Miller v. Overholser (1953), 92 U.S.App.D.C. 110, 206 F.2d 415.

4. See Girard v. Wilson (1957), D.C., 152 F.Supp. 21, where the Court treated the Petition for a Writ of Habeas Corpus as a Petition for Declaratory Judgment and Injunction under the prayer of the complaint for other relief. The Supreme Court, in its decision in that case, Wilson v. Girard (1957), 354 U.S. 524, 77 S.Ct. 1409, 1 L.Ed.2d 1544, holding, contrary to the District Court, that no constitutional right of Girard was violated, did not criticize the way in which the District Court treated the petition for the writ.

would jeopardize or limit personnel from defending themselves in litigation, service of process will not be permitted until conditions permit. The commanding officer shall permit the service of process except in unusual cases where compliance with the mandate of the process would seriously prejudice the public interest. * * *"

He further testified that the reasons he refused to permit such service were that he feared that the proceeding in the State Court would impose a great mental burden on Brux under the circumstances of the charge of murder against him, that he knew that Louis B. Blissard was one of defense counsel for Brux in the criminal case, that he did not discuss with said attorney whether Brux would have to appear at the hearing mentioned in the notice, that at the time of the attempted service, the trial of the criminal case had been tentatively set for April 23, 1963, and that he was afraid that the State Court might put Brux under observation.

It does not appear that Colonel Rouse inquired of Brux or his counsel as to whether he desired that the State Court matter proceed. Perhaps he did so desire. In any event, inasmuch as Brux was represented by counsel, which representation was known to Colonel Rouse, which counsel, incidentally, had approved the State Court petition, Brux would not be jeopardized or limited in defending himself in that proceeding unless it is assumed, which the Court will not assume, that his counsel would not properly protect his rights in that proceeding.

It does not necessarily follow that allowance of such service of the State Court's process would actually cause a delay in the criminal trial before a court-martial. But even if it did, any possible delay of the trial of the criminal case resulting from the State Court proceeding would not seriously prejudice the public interest. In fact, there is no evidence that any delay of the trial of the criminal case would in any way prejudice the public interest.

Thus, the refusal to permit such service on Brux was not permitted by Section 1310. Inasmuch as the Court so holds, it is unnecessary to consider the questions raised as to the constitutionality of that section.

For the foregoing reasons, the Motion to dismiss is denied and it is hereby ordered that the respondent, Brigadier General Carl A. Youngdale, permit the service upon Kurt W. Brux of any notice or notices of any hearing or hearings hereafter set in the Matter of the Guardianship of Kurt W. Brux, an Incompetent Person, P. No. 24133, pending in the Circuit Court of the First Circuit, State of Hawaii.[5]

5. It is immaterial whether this Order is considered a writ of habeas corpus or any other kind of writ or process.
The Court has considered Rules of Civil Procedure, Rule 81(b), abolishing the writ of mandamus. That rule provides: "Relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules."
28 United States Code, § 1361, effective October 5, 1962, which provides as follows:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff,"
does not apply to this case because it does not involved the performance of a "duty owed to the plaintiff," as that term is used in that section. See U.S.Code Congressional and Administrative News, 87th Congress, 1962, p. 2784.