Richard C. **ARMSTRONG**, Petitioner-Appellant,

v.

Harold J. **CARDWELL**, Warden, Ohio State Penitentiary, Respondent-Appellee.

No. 71-1792.

United States Court of Appeals, Sixth Circuit.

March 20, 1972.

Richard C. Armstrong, pro se.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee on brief.

Before EDWARDS, CELEBREZZE and McCREE, Circuit Judges.

CELEBREZZE, Circuit Judge.

Petitioner appeals from denial of a writ of habeas corpus by the United States District Court for the Southern District of Ohio.

Petitioner is currently serving consecutive sentences in the Ohio Penitentiary for armed robbery and prison riot. In two separate petitions, consolidated by the District Court, Armstrong raises four claims which he asserts entitle him to relief. He alleges that: (1) from 1964–1970 prison officials physically destroyed or mutilated his petitions seeking habeas corpus relief on the robbery conviction, and placed him in solitary confinement when he persisted in efforts to file such petitions, thus denying him access to the courts; (2) he was prevented from presenting his self-defense claim to the jury in connection with the riot charges; (3) the Ohio prison riot statute under which he was convicted, § 2921.18 Ohio Revised Code and a related procedural statute, § 2941.40 are unconstitutional because they classify persons in an arbitrary manner in violation of the equal protection clause of the Fourteenth Amendment to the Constitution; (4) Petitioner was denied the right to obtain testimony from witnesses in his behalf at his riot trial.

We believe that the decision of the District Court denying the petitions should be affirmed. We feel it necessary to comment, however, on one statement made in the Court's opinion, which we believe might otherwise prove misleading.

█ In treating the first ground for relief the District Court suggested that a claim based upon prison treatment is never cognizable in habeas corpus. This is not a correct statement of the law.

A prisoner is entitled to the writ of habeas corpus when, though lawfully in custody, he is deprived of some right to which he is lawfully entitled even in his confinement, the deprivation of which serves to make his imprisonment more burdensome than the law allows or curtails his liberty to a greater extent than the law permits. Coffin v. Reichard, 143 F.2d 443, 445 (6th Cir., 1944).

The precise limits of habeas corpus review in the area are unclear. It can be said with certitude, however, that some claims relating to prison rules and discipline are cognizable in habeas corpus.[1] Thus the Supreme Court has

---

1. Recently, in Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), the Supreme Court reaffirmed this principle. In reversing the decision

approved of the issuance of the writ in a situation where prison rules effectively limited access of illiterate inmates to the courts by forbidding their fellow prisoners from serving as jail house lawyers. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). *Cf.* Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941).

Even those circuits which have disapproved of the broad rule set out in *Coffin, supra,* have acknowledged that habeas lies in "exceptional circumstances" —as when the petitioner's claims suggest that he has been victim of cruel and unusual punishment. *See* Cates v. Ciccone, 422 F.2d 926, 927 (8th Cir. 1970), *cf.* Harris v. Settle, 322 F.2d 908, 910 (8th Cir., 1963), cert. den. 377 U.S. 910, 84 S.Ct. 1171, 12 L.Ed.2d 179 (1964).

While the theory was once current that the only relief which could be granted in habeas corpus cases was immediate physical release from all restraints, this notion seems unsupportable *today* in light of Peyton v. Rowe,[2] 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), and the statutory injunction to dispose of matters "as law and justice require." 28 U.S.C. § 2243, *see* Coffin v. Reichard, *supra,* 143 F.2d at 445. *Cf.* Wilwording v. Swenson, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); Wainwright v. Coonts, 409 F.2d 1337 (5th Cir. 1969); Creek v. Stone, 126 U.

S.App.D.C. 329, 379 F.2d 106, 109 (1967); Jacob Prison Discipline and Inmate Rights, 5 Harvard Civil Rights– Civil Liberties Law Review, 227, 254 (1970); Hollen, Emerging Prisoner's Rights, 46 Ohio State Law Review 1, 5 (1972).

Although the remedies available in habeas corpus other than release from custody, may, to a substantial degree, duplicate those which a petitioner could seek under the civil rights statutes, the speed and ease with which even a *pro se* habeas petition may be brought on (*see,* Peyton v. Rowe, *supra*) suggest that there is a place for the Great Writ in dealing with difficult prison problems.[3]

■ In the present case issuance of the writ would not be appropriate, however, as to the claimed restriction of Petitioner's access to the courts. Petitioner acknowledges that the restrictions were lifted by 1970; nowhere does he suggest that there is a threat that they will be reimposed; nowhere does he suggest that the denial of access during the period 1964–70 has resulted in prejudice to his current efforts to seek judicial relief.

We have reviewed Petitioner's first claim at some length to avoid any confusion which might have been created by the broad generalization contained in the opinion of the District Court. No such problems are created by the District

---

of the Court of Appeals the Supreme Court noted that complaints about prison conditions and discipline might be heard on a petition for habeas corpus, although it acknowledged that the action then before it might be viewed as an action under 42 U.S.C. § 1983 as well as under the habeas statute.

2. Peyton v. Rowe held that a prisoner serving consecutive sentences might attack the constitutionality of the second sentence before he began to serve it. In thus overruling McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), the Court said:

"[T]o the extent that McNally relied on the notion that immediate physical release was the only remedy under the federal writ of habeas corpus, it finds no support in the statute

and has been rejected by this Court in subsequent decisions." 391 U.S. 54, 67, 88 S.Ct. 1549, 1556.

3. The civil rights statutes, principally, 42 U.S.C. § 1983, of course have virtues of their own as a means of dealing with problems raised by the prison setting. Most notable of those attributes is the fact that exhaustion of state remedies, a prerequisite to habeas corpus challenge of state practices, is not required before a civil rights suit is begun. See Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), McNeese v. Board of Education for Community Unit School Dist. 187, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). In certain situations this remedy can thus prove even more speedy than habeas corpus.

Court's treatment of the other three claims raised by Petitioner and we agree with its view that none of these contentions have merit. We note that we have not considered Petitioner's claim that the Ohio prison riot statute, § 2921.18 Ohio Revised Code is unconstitutionally vague and overbroad in its reach. This claim was not raised below and is not properly before us.

The judgment of the District Court denying the petitions for habeas corpus is affirmed.