**J. W. WALTERS**

v.

**J. D. HENDERSON, Warden, United States Penitentiary, Atlanta, Georgia.**

**Civ. A. No. 17462.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 22, 1972.

J. W. Walters, pro se.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for defendant.

**ORDER**

EDENFIELD, District Judge.

Petitioner, a federal prisoner incarcerated in the United States Penitentiary, Atlanta, Georgia, seeks leave to file in forma pauperis a petition for the

writ of habeas corpus. It may be so filed.

Petitioner alleges that since his transfer to Atlanta on October 14, 1972 he has been kept in punitive segregation for no apparent reason. He seeks release to the general prison population.

 Since petitioner does not attack the legality of his sentence, relief under 28 U.S.C. § 2255 (1970) is not available to him. However, habeas corpus relief is available not only to one who claims he should be freed of all restraints but also to one who protests his confinement in a certain place or who attacks the conditions of his confinement. Mead v. Parker, 464 F.2d 1108 (9th Cir. 1972); Armstrong v. Cardwell, 457 F.2d 34 (6th Cir. 1972); Creek v. Stone, 126 U.S.App.D.C. 329, 379 F.2d 106 (1967); Coffin v. Reichard, 143 F.2d 443 (6th Cir. 1944), cert. denied 325 U.S. 887, 65 S.Ct. 1568, 89 L.Ed. 2001 (1945); United States ex rel. Murray v. Owens, 341 F.Supp. 722 (S.D.N.Y. 1972). Accordingly, petitioner's claim that he should be released from punitive segregation and restored to the general prison population is cognizable in federal habeas corpus under 28 U.S.C. § 2241 (1970). Wilwording v. Swenson, 404 U.S. 249, 251, 92 S.Ct. 407, 30 L.Ed. 2d 418 (1971); Cagle v. Ciccone, 289 F.Supp. 857 (W.D.Mo.1968). *See* Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

 Of course petitioner is entitled to the relief he seeks only if he was placed in punitive segregation in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Furthermore, absent evidence to the contrary, the court will, as it must, accept as true the forthcoming contentions of respondent in this case. 28 U.S.C. § 2248 (1970).

For the foregoing reasons respondent, in accordance with 28 U.S.C. § 2243 (1970), shall show cause within three days of receipt of this order why the relief requested should not be granted.

It is so ordered.