**Carl E. COOK, Petitioner-Appellant,**

**v.**

**Jack A. HANBERRY, Warden, United States Penitentiary, Atlanta, Georgia, Respondent-Appellee.**

**No. 78–2538**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 6, 1979.

Certiorari Denied June 11, 1979.
See 99 S.Ct. 2866.

---

* Rule 18, 5 Cir.;  *see Isbell Enterprises, Inc.  v.  Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Carl E. Cook, pro se.

William A. Harper, U. S. Atty., Barbara A. Harris, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

For purposes of clarification, our prior opinion dated March 29, 1979 is revised as follows:

A federal prisoner currently serving sentences for bank robbery and assaulting· a fellow inmate with a deadly weapon, Cook filed a pro se petition, styled under 28 U.S.C. § 2255, seeking his release or a transfer from the Atlanta Federal Penitentiary where he was then incarcerated to a facility on the West Coast where he had previously been confined. He has since been moved to Lompoc Federal Correctional Institute in California.

▇ The general rule in federal cases requires that an actual controversy exist at all stages of appellate review, "and not simply at the date the action is initiated." *Roe v. Wade,* 1973, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147, 161. Insofar as Cook's petition sought relief in the form of return to a West Coast facility, the issue has become moot. *See McRae v. Hogan,* 5 Cir. 1978, 576 F.2d 615, 616–17.

The prisoner asserts the additional claim, not moot, that he is entitled to release because the treatment accorded him by the

prison officials violated the Eighth Amendment.

▉ Assuming *arguendo* that his allegations of mistreatment demonstrate cruel and unusual punishment, the petitioner still would not be entitled to release from prison. The appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing him cruel and unusual punishment.[1] *See Preiser v. Rodriguez,* 1973, 411 U.S. 475, 499, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439, 455; *Williams v. Edwards,* 5 Cir. 1977, 547 F.2d 1206, 1212; *Mead v. Parker,* 9 Cir. 1972, 464 F.2d 1108, 1111; *Konigsberg v. Ciccone,* W.D.Mo.1968, 285 F.Supp. 585, 589, *aff'd,* 8 Cir. 1969, 417 F.2d 161, *cert. denied,* 1970, 397 U.S. 963, 90 S.Ct. 996, 25 L.Ed.2d 255; *Coffin v. Reichard,* 6 Cir. 1944, 143 F.2d 443, *cert. denied,* 1945, 325 U.S. 887, 65 S.Ct. 1568, 89 L.Ed. 2001. *See also* Note, "Prison Conditions as Amounting to Cruel and Unusual Punishment," 51 A.L.R.3d 111, 126 (1973); Note, "Developments in the Law of Habeas Corpus," 83 Harv.L.Rev. 1038, 1084 (1970). *Cf. Armstrong v. Cardwell,* 6 Cir. 1972, 457 F.2d 34. Even that type of relief would not be appropriate here because petitioner has not alleged that the practices complained of have continued since his return to California, or that there is a threat of their continuation. *See Armstrong v. Cardwell, supra,* 457 F.2d at 36; *Konigsberg, supra.*

▉ In his application for rehearing, the petitioner also asserts for the first time that his opportunity for parole will be adversely affected by the penalties given in Atlanta because they "nullify regular parole plan requirements." This issue was not presented to the trial court nor was it raised in the appeal. It is not apparent what defect is alleged in the imposition of the penalties, what rights were allegedly violated or what relief is now sought. Therefore, we do not consider this claim, and the dismissal of this petition is without prejudice with respect to it.

The petitioner's attack on the transfer to Atlanta lacks merit, *Beck v. Wilkes,* 5 Cir. 1979, 589 F.2d 901, 903–04, and the Eighth Amendment allegations do not entitle him to release from custody. *See Konigsberg v. Ciccone, supra.*

For these reasons, the dismissal of the petition is AFFIRMED.

---

1. Damages for the mistreatment alleged could not be allowed in this habeas corpus action; they might be sought in a § 1983 action. *See, e. g., Rheuark v. Shaw,* 5 Cir. 1977, 547 F.2d 1257. The dismissal of Cook's petition, which did not request damages, is without prejudice to his later assertion of such a claim.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.