The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams* (1992), 82 Ohio App.3d 70.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60500.

Decided Aug. 3, 1992.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Roger Kramer,* Assistant Prosecuting Attorney, for appellee.

*Gold, Rotatori, Schwartz & Gibbons Co., L.P.A.,* and *Niki Z. Schwartz,* for appellant.

---

KRUPANSKY, Judge.

Defendant-appellant Barbara Williams, a.k.a. Barbara Anderson, appeals from the sentence imposed by the trial court following her guilty plea conviction for misdemeanor theft which mandates that defendant hold no public office during her five-year period of probation.

Defendant was indicted by the Cuyahoga County Grand Jury on December 26, 1987 on the following two felony counts, *viz.*: (1) grand theft of money and warrants from the Cuyahoga County Department of Human Services in violation of R.C. 2913.02, and (2) trafficking in food stamps in violation of R.C. 2913.46. The charges stem from defendant's misrepresentation to the Department of Human Services that she was unemployed during a four-year period from February 1, 1983 to April 30, 1987 to obtain welfare benefits when she had been employed on a full-time basis during this period by the Cleveland Foundation. Defendant also held public office on the Cleveland Board of Education for some time during this period.

Defendant pled guilty pursuant to a plea bargain July 31, 1990 to a single lesser included misdemeanor theft offense and the second count was nolled. Defendant's plea was expressly conditioned upon defendant's immediate resignation from her position on the Cleveland Board of Education and paying full restitution of the approximately $48,000 plus benefits defendant and her family improperly received.

The trial court conducted a sentencing hearing August 14, 1990 and thereafter imposed the maximum sentence on defendant for the misdemeanor theft conviction of six months in county jail and a $1,000 fine. The trial court suspended execution of the sentence and placed defendant on five years' probation subject to the following conditions, *viz.*: (1) defendant make full restitution, (2) defendant receive no welfare payments for herself or her husband, (3) defendant maintain full employment, (4) defendant hold no public office, (5) defendant perform five hundred hours of community service, and (6) defendant serve five days in the county jail. The record demonstrates defendant did not object to any of these conditions at the hearing or request to serve the original sentence instead of the five-year conditional probation.

Defendant now appeals from that portion of her sentence which imposes the condition that she not hold any public office during the term of her five-year probation. Defendant's sole assignment of error follows:

"The trial court erred in imposing as a condition of probation, on a defendant convicted of a misdemeanor theft offense for the unlawful receipt of welfare payments, a five year ban on holding public office."

Defendant's sole assignment of error lacks merit.

Defendant contends the trial court abused its discretion in ordering as a condition of probation that she not hold any public office during the five-year probation period. We are unpersuaded.

R.C. 2929.51 authorizes the trial court in the exercise of its sound discretion to suspend execution of a sentence and place an offender on probation pursuant to R.C. 2951.02 as in the case *sub judice*. *Cleveland v. Uveges* (May 16, 1991), Cuyahoga App. Nos. 58498, 58499, 59500 and 59501, unreported, at 9–10, 1991 WL 81489, citing *State v. Longo* (1982), 4 Ohio App.3d 136, 4 OBR 228, 446 N.E.2d 1145. The General Assembly granted trial courts "broad discretion" pursuant to R.C. 2951.02(C) to creatively sentence offenders in the interests of justice by imposing additional conditions of probation to rehabilitate the offender and ensure future good behavior. *State v. Jones* (1990), 49 Ohio St.3d 51, 52, 550 N.E.2d 469, 470; *Cleveland v. Uveges, supra*, citing *State v. Livingston* (1976), 53 Ohio App.2d 195, 7 O.O.3d 258, 372 N.E.2d 1335. R.C. 2951.02(C) provides as follows:

"(C) When an offender is placed on probation, or when his sentence otherwise is suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code, the probation or other suspension shall be at least on condition that, during the period of probation or other suspension, he shall abide by the law and not leave the state without the permission of the court or his probation officer. *In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender,* including, but not limited to, requiring the offender to make restitution for all or part of the property damage that is caused by his offense and for all or part of the value of the property that is the subject of any theft offense, as defined in division (K) of section 2913.01 of the Revised Code, that the person committed. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension." (Emphasis added.)

The Ohio Supreme Court has recognized that the following factors should be considered when reviewing the validity of probation conditions in this context:

"In determining whether a condition of probation is related to the 'interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *State v. Jones, supra,* 49 Ohio St.3d at 53, 550 N.E.2d at 470.

Defendant contends the requirement that she not hold any public office during her five-year probation period does not satisfy the second or third criterion set forth above. Defendant specifically contends the ban against holding public office during her probation bears no relationship to (1) her crime or (2) future criminal conduct and unnecessarily impinges upon her constitutional rights guaranteed by Section 11, Article I of the Ohio Constitution and the First Amendment to the United States Constitution.

We note initially that probationers such as defendant in the case *sub judice* retain all civil liberties except those which are expressly denied as conditions of probation. *State v. Culbertson* (1977), 29 Ore.App. 363, 372–373, 563 P.2d 1224, 1229; see, also, *Coffin v. Reichard* (C.A.6, 1944), 143 F.2d 443, 445. As a result, our review is limited to the condition denying defendant an opportunity to hold public office during her probation. Based upon our review of the record *sub judice,* we find defendant has failed to demonstrate the trial court abused its discretion or violated defendant's constitutional

rights when imposing the requirement that defendant not hold any public office as a condition of probation. *State v. Jones, supra.*

■ Under the circumstances of the case *sub judice,* the prohibition against holding public office appears to be a well-considered alternative to incarceration which is less disruptive to defendant than incarceration and furthers the objectives of rehabilitation without sacrificing public protection. Defendant apparently agreed and did not raise any objection at the sentencing hearing or request the trial court impose the original sentence instead of the five-year conditional probation. We note that defendant faced a permanent prohibition from holding public office prior to her guilty plea if convicted of either felony offense charged in her indictment. See R.C. 2961.01; *State v. Bissantz* (1988), 40 Ohio St.3d 112, 532 N.E.2d 126. Defendant concedes the validity of her removal from the Cleveland Board of Education in exchange for the plea bargain; however, it is impossible to determine whether the trial court would have suspended execution of defendant's original sentence without the prohibition against holding public office during her probation.

Although defendant pled guilty to a misdemeanor rather than the two felonies originally charged, the record demonstrates defendant's crime of obtaining approximately $48,000 in welfare benefits through misrepresentation over a period of more than four years was a serious offense involving moral turpitude. The Georgia Supreme Court held in the related context that submitting false claims for nonexistent services to obtain payments from the public treasury involved "moral turpitude" which permanently disqualified the offender from holding public office, stating as follows:

"It appears from the authorities to be the rule without exception, that the offenses of obtaining money from another by fraud or false pretenses, or larceny after trust, are crimes malum in se, involving moral turpitude." *Huff v. Anderson* (1955), 212 Ga. 32, 90 S.E.2d 329, citing, *inter alia, Jordan v. DeGeorge* (1951), 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886.

Such a crime relates directly to defendant's character for truthfulness and bears a direct and substantial relationship to defendant's ability to hold public office and act in accordance with the public trust. The trial court could properly find that defendant's criminal behavior, spanning a period of more than four years, revealed her character and propensity to make false statements to mislead public officials in the performance of their duties for her private gain. Prohibiting defendant from holding public office minimizes defendant's opportunity to commit future misdeeds during her probation. It was neither unreasonable nor an abuse of discretion for the trial court to impose a five-year ban on defendant from running for public office during her

rehabilitation for the protection of the public and for the public interest and welfare.

The opportunity to hold public office is a privilege and not a constitutional right. *State v. Bissantz, supra,* 40 Ohio St.3d at 113, 532 N.E.2d at 127–128; *State ex rel. Platz v. Mucci* (1967), 10 Ohio St.2d 60, 61, 225 N.E.2d 238, 240. The trial court's prohibition against holding public office imposes a reasonable restriction during defendant's rehabilitation to protect the public. Under the circumstances, the trial court's denial of this privilege to defendant during her five-year probation does not amount to either an abuse of discretion or violation of the First Amendment to the United States Constitution or Section 11, Article I of the Ohio Constitution.

Accordingly, defendant's sole assignment of error is overruled.

*Judgment affirmed.*

MATIA, C.J., and DYKE, J., concur.