Raleigh IRBY, Petitioner,

v.

Page TRUE (Warden), MCC Chicago and The United States Bureau of Prisons, Respondents.

No. 93 C 3215.

United States District Court,
N.D. Illinois, E.D.

June 11, 1993.

Raleigh Irby, plaintiff *pro se.*

No appearance filed for respondents.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Raleigh Irby ("Irby"), presently a prisoner at Chicago's Metropolitan Correctional Center ("MCC"), petitions this Court for habeas corpus relief under 28 U.S.C. § 2241 ("Section 2241"). Irby alleges that he suffers from a severe congenital disc disease. Irby's lengthy pro se habeas corpus petition (the "Petition") contains a detailed description of his claims (1) that MCC officials are not providing him with adequate care for his

back problem and (2) that guards acted with deliberate indifference to his medical condition when they forcibly removed him from his cell and carried him to segregation for refusing an order to make up his bed.

Irby, who alleges that he is due for release in 45 days, asks this Court to grant the Petition and order his release forthwith so that he may obtain treatment from his own doctors. This action is at its threshold—Irby's Petition is before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules").[1]

Even on the assumption that Irby could prove his claim of medical mistreatment, there is a serious question whether this Court could grant the Petition and order his early release from custody (*Crawford v. Bell*, 599 F.2d 890, 891–92 (9th Cir.1979); *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir.1979) (per curiam); *Fielding v. LeFevre*, 548 F.2d 1102, 1108 (2d Cir.1977)). Nearly two decades ago our own Court of Appeals expressed doubts on that score (see *Holmes v. United States Bd. of Parole*, 541 F.2d 1243, 1248 (7th Cir.1976)), although *Bell v. Wolfish*, 441 U.S. 520, 526–27 n. 6, 99 S.Ct. 1861, 1867–68 n. 6, 60 L.Ed.2d 447 (1979) has since then characterized as an open question the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement.

But this Court need not resolve that issue to dispose of this case. Instead, Irby's current action is blocked in any event because habeas corpus relief under Section 2241 is unavailable to him without his first exhausting federal administrative remedies (*Del Raine v. Carlson*, 826 F.2d 698, 703 (7th Cir.1987); *Sanchez v. Miller*, 792 F.2d 694, 697–99 (7th Cir.1986)). In that respect the Bureau of Prisons provides inmates with an administrative grievance remedy under which an inmate "may seek formal review of a complaint which relates to any aspect of his imprisonment" (28 C.F.R. § 542.10 (1992)). Irby acknowledges that he has yet to seek administrative relief for his claims.

Although Irby seeks exemption from that exhaustion requirement because of the "time factor involved," the Bureau of Prisons is in the best position to provide Irby with a speedy hearing on his claims. Indeed, the whole point of the exhaustion doctrine is to allow administrative agencies to correct their own mistakes and thus to avoid needless and costly litigation. Irby does not allege that prison officials are unwilling or unable to give him a prompt hearing on his grievance. Accordingly this Court finds the Petition to be premature and summarily dismisses it without prejudice under Section 2254 Rule 4.

---

1. That Rule is brought into play by virtue of Section 2254 Rule 1(b), which gives this Court discretion to use the Section 2254 Rules in any application for habeas corpus relief.