30 F.3d 133
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne KING, Petitioner-Appellant,
v.
James SCHOTTEN, Respondent-Appellee.
 No. 94-3087.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 N.D.Ohio, No. 93-02138; David D. Dowd, Jr., District Judge.
 
 N.D.Ohio
 
 2
 AFFIRMED.
 
 
 3
 BEFORE: GUY and BOGGS, Circuit Judges; and WOODS, Senior District Judge.*
 
 ORDER
 
 4
 Wayne King, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 On October 7, 1993, King filed a petition for a writ of habeas corpus in which he challenged his conviction for felonious assault with a firearm and likewise challenged numerous conditions of his confinement. As for his conviction, King alleged that: 1) both the prosecutor and trial judge engaged in misconduct when the prosecutor knowingly introduced perjured testimony into evidence; 2) the trial judge refused to give him credit towards his sentence for time he spent in county jail; and 3) he received ineffective assistance of counsel. Regarding the conditions of his confinement, King asserted that: 1) various prison officials have discriminated against him because of his race; 2) he has been denied adequate medical treatment; 3) Ohio prisons are overcrowded; 4) prison guards have tried to kill him or have had other inmates try to kill him; 5) the prison officials have retaliated against him because of his legal related activities; 6) he was incorrectly found guilty of writing letters to Governor Voinovich; and 7) the prison officials have refused to submit him for a medical release from prison because of his medical condition. King did not indicate whether he had exhausted his state court remedies.
 
 
 6
 The district court dismissed the petition without prejudice for failure to exhaust available state court remedies. King has filed a timely appeal.
 
 
 7
 Upon review, we affirm the district court's judgment because it does not appear that King exhausted his available state court remedies before seeking habeas corpus relief in federal court. See Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987); Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam). Such remedies must be exhausted as King does not seek monetary relief, but rather a speedier release from confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Armstrong v. Cardwell, 457 F.2d 34, 35-36 & n. 3 (6th Cir.1972).
 
 
 8
 King's grounds for relief challenging the conditions of his confinement were also properly dismissed. See Preiser, 411 U.S. at 490.
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation