JOURNAL ENTRY AND OPINION
In this accelerated calendar appeal, defendant-appellant, Mark K. Roders, appeals the decision of the Shaker Heights Municipal Court imposing as a condition of probation that appellant have no contact with his ex-wife, her family or their children without a court order. For the reasons that follow, we affirm in part and reverse in part.
On September 10, 1998, appellant made a series of telephone calls to the City of University Heights Police Department. When appellant persisted in his calls, even after he was told to stop calling, appellant was charged with telephone harassment of the University Heights Police Department, in violation of R.C.2917.21(A)(5).
On January 12, 1999, appellant pled guilty to attempted telephone harassment, in violation of R.C. 2917.21(A)(5) and R.C.2923.02. The trial court referred appellant to the probation department for a pre-sentence investigation.
On January 27, 1999, the trial court received a letter from Irving Boxerbaum, father of appellant's ex-wife.[1] Boxerbaum stated that appellant had been sending harassing e-mail messages and making ten to twenty-five harassing telephone calls to his daughter's home every day. Boxerbaum also indicated that he had received threatening telephone calls from appellant. Boxerbaum enclosed an article from the September 16, 1998 Free Times which stated that appellant, a suspended vascular surgeon, owes his ex-wife and three children more than $175,000 in unpaid child support but refuses to work. The article also mentioned the harassing telephone calls and e-mail messages. Boxerbaum asked the court to consider this information in determining appellant's punishment.
On March 4, 1999, the trial court sentenced appellant to a $500 fine and thirty days in jail. All of the jail time and $200 of the fine were suspended on the conditions that appellant complete twelve months of active probation and twelve months of inactive probation, obtain outpatient treatment, take his prescribed medications and have no contact with his ex-wife, her family or their children without court order. Appellant was also ordered not to write to his ex-wife, her family or their children or to have any third-party contact with them.
Appellant timely appealed, assigning one assignment of error for our review:
 THE TRIAL COURT ABUSED ITS DISCRETION BY MAKING A CONDITION OF DEFENDANT'S PROBATION THAT HE HAVE NO CONTACT WITH HIS EX-WIFE, HER FAMILY, OR HIS CHILDREN.
R.C. 2951.02(C) mandates that two conditions must be part of a defendant's probation: first, that he or she abide by the law and, second, that he or she not leave the state without permission of the court or the defendant's probation officer. In addition, R.C. 2951.02(C) provides that, "In the interest of doing justice, rehabilitating the offender, and ensuring his good behavior, the court may impose additional requirements on the offender * * *."
The Supreme Court of Ohio has recognized that a trial court possesses wide, though not unlimited, discretion in imposing conditions of probation, and has established a three-pronged test to determine whether such conditions are validly imposed. The conditions must be 1) reasonably related to rehabilitating the offender; 2) have some relationship to the crime for which the offender was convicted; and 3) relate to conduct which is criminal or reasonably related to future criminality and serve the statutory ends of probation. State v. Jones (1990), 49 Ohio St.3d 51,52-53; see, also, State v. Williams (1992), 82 Ohio App.3d 70,72-73.
Appellant contends that the condition of probation that he have no contact with his ex-wife, her family or their children without court order is not valid because it is not reasonably related to his rehabilitation, is unrelated to the crime for which he was charged and interferes with his fundamental right to have a relationship with his children.
Appellee, on the other hand, argues that the probation condition is related to appellant's crime because the calls appellant made to the University Heights Police Department concerned his ongoing problems with his ex-wife. Appellee also contends that the probation condition forbids conduct that is reasonably related to the prevention of future criminality because the series of events that led to appellant's plea in this case began with appellant's harassment of his ex-wife and their children. Finally, appellee notes that the probation condition is reasonable because it does not prohibit all contact with appellant's children, but only contact without a court order.
Although we understand and appreciate the trial court's attempt to protect other victims of appellant's harassment, we conclude that, for this offense, where the complainant is the City of University Heights, the probation condition that appellant have no contact with his ex-wife, her family or their children without court order does not meet the three-part test set forth in State v. Jones, supra.
First, the condition does not serve to rehabilitate appellant because it does nothing to prevent his further contact with the University Heights Police Department. Thus, the condition does not meet the first prong of the Jones test.
The condition also fails the second prong of the Jones test because it is unrelated to the particular crime to which appellant pled guilty: attempted telephone harassment of the University Heights Police Department. Appellant's ex-wife, her family and their children were not the victims of this crime. Although appellee contends that appellant's telephone calls to the University Heights Police Department arose out of appellant's ongoing harassment of his wife and their children, and, therefore, the probation condition is related to appellant's crime, there is nothing in the record of this case to substantiate that assertion.
Finally, in the absence of evidence in the record that appellant's telephone calls to the University Heights Police Department arose out of appellant's ongoing harassment of his ex-wife and children, we fail to see how prohibiting appellant's contact with his ex-wife and children without court order will prevent future harassing telephone calls to the University Heights Police Department. Thus, the probation condition fails to meet the third prong of the Jones test.
Accordingly, appellant's assignment of error is sustained. The condition of appellant's probation that he have no contact with his ex-wife, her family or their children without court order is invalid. A finding that one of the conditions of probation is invalid, however, does not affect the other valid conditions of probation. State v. Livingston (1976), 53 Ohio App.2d 195,198. Therefore, the judgment of the trial court is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
This cause is affirmed in part, reversed in part and remanded for further proceedings consistent with the opinion herein.
It is ordered, therefore, that appellant recover of appellee his costs incurred herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J. and SPELLACY, J., CONCUR.
 __________________________________ TIMOTHY E. McMONAGLE JUDGE
[1] Appellant and his ex-wife, Pamela B. Roders, were divorced in 1994.