# CITY OF LAKEWOOD

## v.

## NOVAK.

Lakewood Municipal Court,
Cuyahoga County, Ohio.

No. 00B1638.

Decided Dec. 29, 2000.

---

*Thomas Wagner,* City Prosecutor, for the city of Lakewood.

*William T. Novak, pro se.*

PATRICK CARROLL, Judge.

The defendant, William Novak, appeared before the court on the charge of failing to comply with the building and housing codes of the city of Lakewood. The complaint charged that the defendant had been previously convicted of the same offense, which, therefore, makes this charge a first degree misdemeanor, carrying a possible fine of $1,000 and a jail sentence up to one hundred eighty days.

The defendant is a landlord who owns two side–by–side rental properties. Each rental property has four units. Both rental properties are the subject of the complaint in the present case. The code violations include exterior painting, broken windows and screens, broken exterior doors, and maintenance of lawn and landscaping. According to the prosecutor's report, the paint on the buildings is peeling, and the lawn and bushes created a blighted and deteriorating effect in the neighborhood. The walls of the building also needed repairs.

The record reflects that upon receipt of a citizen's complaint, the city's building department sent a letter to the defendant on July 13, 2000 setting forth the violations. Reinspections of the property on August 1, 2000 and August 21, 2000, showed no progress to remedy the violations. Consequently, the prosecutor issued a letter on August 25, 2000, requesting a meeting with the defendant. Although a meeting was held on September 11, 2000, the record reflects minimal attempts at compliance. Consequently, the prosecutor filed the complaint on October 27, 2000.

The defendant appeared in court and entered a plea of no contest to the charge. Prior to accepting the plea, the defendant was informed of his rights in accordance with Crim.R. 11. The defendant acknowledged these rights and waived them in open court, including the right to counsel and the right to trial by jury. After a recitation of facts by the prosecutor in support of the complaint, the defendant was found guilty of the charge.

The issue before the court concerns the appropriate sentence. As a first degree misdemeanor, the court imposes a fine of $1,000 and a jail sentence of one hundred eighty days, $750 of the fine and the jail sentence are suspended, and the defendant is placed on two years' probation. As a condition of probation, the defendant must comply with all state and local building, housing, air pollution, sanitation, health, fire, zoning, and safety codes (hereinafter, collectively referred to as the "housing code"). In addition, the defendant must deposit all rents from the rental property involved in this case with the clerk of courts, pending correction of all outstanding housing code violations. While recognizing that rent deposit with the court is an extraordinary condition of probation, it is supported both legally and factually in this case.

4

R.C. 2929.51 authorizes the trial court in the exercise of its sound discretion to suspend execution of a sentence and place an offender on probation. A court is vested with broad discretion to creatively sentence offenders in the interest of justice by imposing additional conditions of probation. *State v. Williams* (1992), 82 Ohio App.3d 70, 72, 611 N.E.2d 443, 445. R.C. 2951.02(C)(1), which sets out the statutory basis for probation in misdemeanor cases, provides that "[i]n the interest of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender." Construing this language, the Supreme Court in *State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469, 470, stated that the court should consider "whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably relates to future criminality and serves the statutory ends of probation."

The conditions of probation in the present case satisfy all three of these requirements. One of the primary goals in cases involving housing code violations is correction of these violations to bring the property into compliance with the housing codes. Housing code compliance is even more critical in a landlord/tenant situation, for the landlord, as the owner of the property, is responsible for maintaining the rental premises, but does not have to live with the violations. In the present case, the defendant landlord does not live at the rental property. The defendant has continued to collect rent by long distance while letting the property fall into disrepair.

A landlord has a responsibility to both his tenants and the community to properly maintain rental property. Failure to comply with the housing code may be both a criminal offense and a breach of warranty of habitability to a tenant. The government has a legitimate interest in code enforcement to preserve the housing stock and protect the community from unsafe or hazardous conditions that may occur when property is not maintained. This interest is more critical with rental property that has numerous residents, common areas, and greater access by the general public. The conditions of probation herein are imposed in order to obtain compliance and deter similar conduct to prevent future code violations.

The statutory procedure for withholding rent is set out in R.C. 5321.07 to 5321.10. Although these statutes provide a civil remedy for a tenant when a landlord does not comply with his statutory obligations, the statutes also set out specific procedures, with adequate notice and other safeguards, to apply to a condition of probation in a criminal case.

■ The procedure for withholding of rent was created as part of the Landlords and Tenants Act of 1974. This comprehensive legislation changed previous common-law relationships between landlords and tenants. *Shroades v. Rental Homes, Inc.*, (1981), 68 Ohio St.2d 20, 21–22, 22 O.O.3d 152, 153, 427 N.E.2d 774, 776. The Landlords and Tenants Act not only imposed duties on landlords that were absent at common law, but also provided tenants with leverage to redress breaches of those duties by allowing a tenant to deposit rent with the court and apply to the court for an order directing the landlord to remedy the conditions. *Miller v. Ritchie*, (1989), 45 Ohio St.3d 222, 224, 543 N.E.2d 1265, 1268. See, also, *Laster v. Bowman* (1977), 52 Ohio App.2d 379, 6 O.O.3d 428, 370 N.E.2d 767. The purpose of rent deposit is to coerce a landlord to correct the code violations. The remedial intent of the statute is clear by its language, which authorizes the court to (1) order the landlord to remedy the condition, R.C. 5321.07(B)(2); (2) release the rent to the landlord to make repairs, R.C. 5321.10(A); or (3) release the rent to the tenant to remedy the condition, R.C. 5321.07(B)(2).

Deposit of rent with the court is authorized under R.C. 5321.07(A) when a landlord fails to fulfill any obligation imposed upon him by R.C. 5321.04. The statutory obligations in R.C. 5321.04 require a landlord to:

"(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;

"(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

"(3) Keep all common areas of the premises in a safe and sanitary condition."

■ The housing code violations for which the defendant was found guilty in the present case are within the scope of the statutory obligations imposed above. Upon being found guilty, tenants could deposit their rent with the court independent of the imposed condition of probation.[1] Thus, this condition of probation is nothing more than the application of an available civil remedy to a criminal case. Cf. *State v. Blosser* (June 21, 1996), Perry App. No. CA–96–26, unreported, 1996 WL 363791. Moreover, the same underlying basis for depositing rent by a tenant in a civil action would apply to a criminal case when the defendant has been found guilty of violating the housing code. As such, the condition of probation merely

---

1. R.C. 5321.07(A) authorizes a tenant to deposit rent with the court if a governmental agency has found that the premises are not in compliance with housing, health, or safety codes. Although this section requires a tenant to give written notice of the acts, omissions, or code violations, before depositing rent with the court, the notice requirement was met in the present case. The record reflects that both the building department and the law department gave the defendant notice of the violations prior to the filing of the criminal complaint in an effort to obtain compliance without court action.

adopts a recognized statutory remedy that is available when a landlord fails to maintain the rental property.

The effect of the rent deposit procedure is to temporarily withhold from the defendant-landlord the fruits of ownership of rental property where the landlord has not lived up to his statutory obligation. Upon a finding of guilty of housing code violations, the length of time in which the rental payments are withheld is controlled by the defendant-landlord. Once compliance is achieved, all of the rent may be released.

■■ The court incorporates the statutory procedure of R.C. 5321.07 to 5321.10 as part of the condition of probation in this case. A condition of probation must not be unlawful or unconstitutional. *State v. Mueller* (1997), 122 Ohio App.3d 483, 485, 702 N.E.2d 139, 141. The rent deposit procedure set out by the Ohio Revised Code is both constitutional and lawful. See *Chernin v. Welchans* (C.A.6, 1988), 844 F.2d 322. By incorporating this statutory procedure, it assures adequate rights and protections for all involved. This includes the landlord-defendant's right during the pendency of probation to apply for release of all of the rent upon compliance with all housing code violations that are the subject of this case, R.C. 5321.09(A), or the partial release of rent for payment of mortgage, insurance, real estate taxes, utility services, repairs, and other customary and usual costs of operation, R.C. 5321.10(A).

In addition to the legal basis and established statutory framework for the withholding of rent, the court finds that the imposition of these conditions is supported by the facts in this case. As was noted earlier, the defendant was given ample notice and opportunity to remedy the defective conditions before the criminal complaint was filed. Defendant ignored these opportunities and made a minimal attempt at compliance. In addition, the nature of the violations themselves, which include peeling paint, high grass, and deteriorating exterior walls, show that the violations were due to long-standing neglect.

Another factor to consider is that the defendant has been before the court on housing code violations in the past in addition to those in the present case. Impositions of fines and even jail sentences in the past have not been successful in getting the defendant to comply with his statutory obligations to maintain the rental property. As the court noted in *Lakewood v. Hartman* (1999), 86 Ohio St.3d 275, 278, 714 N.E.2d 902, 904–905, imposition of probation may be more likely to advance the goals of probation then the imposition of the maximum sentence.

Based upon the foregoing, the court finds that the order withholding rent from the defendant landlord in accordance with the procedures of R.C. 5321.07 is a valid condition of probation. It is a condition that is reasonably related to the

offense and meets all of the requirements set out by the court in *State v. Jones*. It also protects the government's legitimate interest in preserving the housing stock and obtaining compliance with housing code violations.

Accordingly, it is hereby ordered that defendant shall immediately notify all tenants of the two rental units that are the subject of this case that the tenants shall pay their rent directly to the clerk of court. Defendant shall file a copy of this notice with the court along with a list specifically setting out for each tenant (1) his or her name, (2) his or her address and suite number, (3) the amount of monthly rent, and (4) the date the rent is due. Defendant shall also certify to the court that he has not accepted any payment for rent, by money, services or otherwise, from any person, in whole or in part, for use of the rental premises at issue in this case. During the pendency of probation, defendant may apply in writing for complete or partial release of rent in accordance with the provisions of R.C. 5321.09 and 5321.10. Any application for partial release of rent pursuant to R.C. 5321.10 shall include copies of mortgage documents, invoices, or other documents to justify release of the rent pending completion of all repairs. The clerk of court shall forward a monthly written notice to the defendant showing the amount of rent each tenant has deposited with the court.

*Judgment accordingly.*