OPINION
On June 3, 2000, Lieutenant Gary Chaney, a reserve deputy with the Holmes County Sheriff's Department, investigated a neighbor dispute between Chris and Huai Markey and appellants, Daniel and Safrona Gulley. The Markeys and appellants shared a property line. The Markeys claimed appellants were cutting bushes and pulling vines along the property line that belonged on their property. Lieutenant Chaney took a written report from Mr. Markey and took some measurements. Before he left, Lieutenant Chaney told appellants to stop their activities until he could do some checking. Approximately thirty-one minutes later, Lieutenant Chaney was called back to the scene. He observed appellants cutting and digging along the property line.
On June 16, 2000, each appellant was charged with one count of criminal mischief in violation of R.C. 2909.07(A). Appellant Daniel Gulley was also charged with one count of criminal trespass in violation of R.C.2911.21(A)(1). A bench trial commenced on October 23, 2000. The trial court found appellants guilty as charged. By entry filed November 20, 2000, the trial court sentenced appellant Daniel Gulley to a total aggregate term of ninety days in jail. The trial court sentenced appellant Safrona Gulley to sixty days in jail. The jail sentences were suspended in lieu of probation for one year.
Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT MISAPPLIED OHIO'S COMMON LAW DOCTRINE OF "COMMON PROPERTY" WHEN IT FOUND DEFENDANTS GUILTY OF CRIMINAL MISCHIEF (R.C. 2909.07(A)) WHILE REMOVING VEGETATION THEY, AS A MATTER OF LAW, JOINTLY OWNED AS TENANTS IN COMMON WITH THEIR NEIGHBOR.
 II THE TRIAL COURT ERRED WHEN IT FOUND ALL ELEMENTS OF CRIMINAL MISCHIEF (R.C. 2909.07(A)) PROVEN BEYOND A REASONABLE DOUBT AGAINST THE APPELLANTS BECAUSE THE STATE'S EVIDENCE WAS LEGALLY INSUFFICIENT TO SUPPORT SUCH A FINDING.
 III THE TRIAL COURT ERRED IN FINDING DEFENDANT DANIEL A. GULLEY GUILTY OF CRIMINAL TRESPASS (R.C. 2911.21(A)(1)) WHEN ADJOINING OWNERS ARE IN DISPUTE REGARDING THE LOCATION OF THEIR BOUNDARY AND DEFENDANT WAS PRIVILEGED TO EXERCISE A RIGHT OF SELF-HELP.
 IV THE TRIAL COURT'S MANDATE THAT AS A CONDITION OF PROBATION THE DEFENDANTS ABANDON THE USE OF FIFTEEN FEET OF THEIR REAL PROPERTY FOR ONE YEAR IS A VIOLATION OF THE DEFENDANTS' RIGHTS UNDER THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE AND THE FIFTH AMENDMENT "TAKINGS CLAUSE" OF THE UNITED STATES CONSTITUTION, AS WELL AS SECTION 19, ARTICLE 1 OF THE OHIO CONSTITUTION.
 V THE TRIAL COURT COMMITTED AN ACT OF PLAIN ERROR BY FAILING TO CONDUCT AN EVIDENTIARY HEARING REGARDING THE DETERMINATION OF DAMAGES AS ORDERED UNDER THE RESTITUTION PROVISION OF R.C. 2929.21(E).
 I, II, III
Appellants' first three assignments of error challenge the trial court's decision as being against the manifest weight and sufficiency of the evidence.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Both appellants were convicted of criminal mischief in violation of R.C. 2909.07(A) which states in pertinent part as follows:
No person shall:
 Without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with the property of another;
In addition, appellant Daniel Gulley was convicted of criminal trespass in violation of R.C. 2911.21(A)(1) which states the following:
 No person, without privilege to do so, shall do any of the following:
 Knowingly enter or remain on the land or premises of another;
Appellants argue their respective convictions are in error because when they removed vegetation, they were in fact tenants in common of the vegetation, and the state failed to establish that the Markeys were the owners of the vine that was removed.
It is undisputed the snowball bushes from which appellants made the cuttings ran along the joint property line of appellants and the Markeys.[1] T. at 8. Lieutenant Chaney made measurements from the property pins and it was clear that bushes and vines had been removed from the Markey property. T. at 13. As a result of removing the roots of vines that had made there way to the Markey residence, "quite a bit" of scarring was visible on the side of the Markey house. T. at 9. Appellant Daniel Gulley freely admitted to Lieutenant Chaney that he cut the bushes. T. at 12. Both appellants told Lieutenant Chaney that appellant Safrona Gulley was cutting vegetation from the base of the Markey home while appellant Daniel Gulley was "pulling it." T. at 14. Appellant Daniel Gulley's justification for cutting the bushes was that the bushes attracted bees and he was allergic to bees. T. at 12. Appellant Daniel Gulley told Lieutenant Chaney he pulled the vines because the roots began on his property. T. at 13. Lieutenant Chaney cautioned appellants to stop their activities. T. at 15. Approximately thirty-one minutes later, Lieutenant Chaney got called back to the scene and observed appellant Daniel Gulley digging with a small spade around the Markey down spout and appellant Safrona Gulley snipping some more of the snow ball bushes. T. at 15-16.
The Markeys testified they observed appellants tearing the vines off of their house. T. at 42-43, 76-77. The vines were not growing along the ground but up the side of their house on the down spout and foundation. T. at 43-44, 47, 58-59, 72, 77-78. Prior to the day in question, Mr. Markey testified that appellant Daniel Gulley "had threatened me * * * that he was going to rip — he said see that line, everything on this side of it is mine and I am ripping it all down including the antenna on your house." T. at 62. At no time did the Markeys give either appellant permission to remove the vegetation or come onto their property. Id. In fact, Mr. Markey specifically told appellants on April 23rd "not to be in my yard." Id. Mrs. Markey testified she feared for her physical safety because of appellants' actions. T. at 78, 95-96.
Appellant Dan Gulley testified based upon his knowledge of the property line, he never removed vegetation that was solely located on the Markeys' property. T. at 126. We find this assertion might have been sufficient to dispute the "knowledge" element of the offenses if Lieutenant Chaney and the Markeys had not told appellants to stop their activities and stay off the Markey property.
Upon review, we concur with the following evaluation of the evidence by the trial court (T. at 170):
 I don't think I understand any of this. Civilized people do not behave this way. Those bushes don't get that big in one year. I don't think the bees were a problem. The real problem apparently is whoever laid out that property had it a foot and a half away. But I do think it is clear that vines that have grown on a house belong to the owner of the house. The court is going to enter a finding of guilty on all charges.
Given the testimony presented, we find there was sufficient credible evidence, if believed by the trial court, to substantiate the findings of guilt, and no manifest miscarriage of justice.
Assignments of Error I, II and III are denied.
 IV
Appellants claim a specific condition of their probation violates the "Takings Clause" of the United States and Ohio Constitutions. We agree in part.
As a condition of their one year probation, appellants are to have no contact with the Markeys and are not to go within fifteen feet of the Markeys' property. See, Journal Entries filed June 16, 2000. Appellants argue this condition divests them of the use of their property, a strip of 15 feet by 210 feet, or 3,150 square feet.
In determining whether to suspend a sentence and place a defendant on probation, R.C. 2951.02(A)(1) permits a trial court to consider the risk of re-offending:
 In determining whether to suspend a sentence of imprisonment imposed upon an offender for a misdemeanor and place the offender on probation or whether to otherwise suspend a sentence of imprisonment imposed upon an offender for a misdemeanor pursuant to division (A) of section 2929.51 of the Revised Code, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, and the history, character, and condition of the offender.
In reviewing the fifteen foot restriction, we question its enforceability and find it is an improper condition of probation. Statev. Mueller (1997), 122 Ohio App.3d 483. However, the condition of probation which orders no contact with the Markeys is consistent with R.C. 2951.02(A)(1).
Assignment of Error IV is granted in part.
 V
Appellants claim the trial court committed plain error in assessing $350.00 in damages for restitution without first conducting an evidentiary hearing. We disagree.
Appellants concede because no objection was made to the restitution order and a hearing was not requested, our standard of review is under the plain error doctrine. Said doctrine states "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B).
The matter was tried to the bench. The trial court heard the testimony of the property owners and observed photo exhibits of the properties in question. We fail to find plain error in not conducting a separate hearing.
Assignment of Error V is denied.
The judgment of the County Court of Holmes County, Ohio is hereby affirmed in part and reversed in part.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the County Court of Holmes County, Ohio is affirmed in part and reversed in part. Costs to appellants.
 _____________________ Farmer, J.
Gwin, P.J. and Boggins, J. concur.
[1] The property line runs through a television antenna that is connected to the Markey house, but there is ground and vegetation on the Markeys' side of the property line. T. at 113-114.