The STATE of Ohio, Appellee,

v.

MUELLER, Appellant.

[Cite as *State v. Mueller* (1997), 122 Ohio App.3d 483.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960985.

Decided Aug. 29, 1997.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for appellee.

*Linda S. Bolin*, for appellant.

*Per Curiam.*

Defendant-appellant Curt R. Mueller ("Mueller") was found guilty by a jury of domestic violence with specifications for physical harm and a previous conviction for domestic violence.[1] The victim in the case was Elaine Bennett ("Bennett"). Mueller and Bennett, who were not married, lived together in a house at 4148 O'Leary Avenue. This house was titled in both their names jointly, with right of survivorship.

The only aspect of the case before this court on appeal is the sentence, not the adjudication of guilt. Mueller was sentenced to three to five years' incarceration with credit for time served, with the sentence suspended and two years of intensively supervised probation imposed, including six months of electronic monitoring. In addition, the judge ordered Mueller to have no contact with Bennett, to maintain full employment, to have drug monitoring, and immediately to sign a quitclaim deed turning his interest in the house over to Bennett. At the

---

1. We have *sua sponte* removed this appeal from the accelerated calendar.

direction of his probation officer, Mueller signed a general warranty deed transferring his interest in the house to Bennett on the day of sentencing.

On appeal, Mueller brings only one assignment of error, that the court erred when it ordered him to execute a quitclaim deed in conjunction with his conviction for domestic violence.[2] We agree. Although Mueller failed to raise this objection below, because we hold the challenged part of the court's sentence to be void, we sustain this assignment of error as plain error. See *State v. Lang* (1995), 102 Ohio App.3d 243, 656 N.E.2d 1358; *State v. Fields* (1994), 97 Ohio App.3d 337, 646 N.E.2d 866.

It is clear from the sentencing hearing that the trial court's order to Mueller to quitclaim the house to Bennett was a special condition of probation.[3] The question is whether this was a valid condition, and the answer is no. As noted by this court in *State v. Krug* (1993), 89 Ohio App.3d 595, 626 N.E.2d 984, a trial court exceeds its jurisdictional limits by attempting to include in a sentence a sanction that is not provided by law.

A trial court has broad, but not unlimited, discretion in setting conditions of probation. *State v. Livingston* (1976), 53 Ohio App.2d 195, 7 O.O.3d 258, 372 N.E.2d 1335. The three-part test to determine whether the conditions of probation are related to the goals of R.C. 2951.02(C)[4] is set forth in *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469.[5] Additionally, it seems to us inescapable that a court cannot impose a condition of probation that is unlawful or unconstitutional. See, *e.g., Livingston, supra* (condition of probation that defendant have no other child during five-year probationary period held unconstitutional); *Casdorph v. Kohl* (1993), 90 Ohio App.3d 294, 629 N.E.2d 34 (condition of probation to leave Ohio and remain outside state for five years held unconstitu-

---

2. Although Mueller was given a general warranty deed instead of a quitclaim deed to sign, a fact of legal significance in real estate law, it is irrelevant to our decision.

3. Pursuant to R.C. 2929.11(E), for a person convicted of a felony, a court may also order restitution for property damage or theft loss caused by the offense. Neither is applicable in this case, and the trial court made a specific finding that there would be no restitution. Additionally, we note that no one argued that this was a case where forfeiture was part of the penalty, nor was this the basis of the court's order.

4. R.C. 2951.02(C) states in relevant part that "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements also shall be a condition of the offender's probation or other suspension."

5. Courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.

tional); *State v. Davis* (1985), 27 Ohio App.3d 65, 27 OBR 84, 499 N.E.2d 1255 (condition of probation that defendant not engage in any political activity during two-year probation held unconstitutional).

We find the contours of the court's power in fashioning civil protection orders and consent agreements in domestic violence cases highly instructive in analyzing the condition of probation in this case.

Pursuant to R.C. 3113.31, a domestic relations court has the power to grant exclusive possession of the residence to the victim of domestic violence and, depending on how title is held, either to evict the perpetrator or to order that person to vacate the premises. However, R.C. 3113.31(E)(1)(5) expressly states that no order or agreement under this section shall in any manner affect title to any real property.

We therefore agree with Mueller that while the trial court clearly, as a condition of probation, had the power to order Mueller to vacate the house, a condition wholly appropriate in this case, the court exceeded its lawful authority in ordering the actual transfer of ownership of the house from Mueller to Bennett. Such an order is equivalent to a taking without due process.

Mueller's sole assignment of error is sustained. The order of the court directing Mueller to execute a quitclaim deed in favor of Bennett is void and of no lawful effect.[6] Mueller is released from this condition of probation. Mueller's conviction and the remaining conditions of probation, including the order that Mueller stay away from Bennett, are unaffected by this decision and remain in full force and effect.

*Judgment accordingly.*

Gorman, P.J., Marianna Brown Bettman and Sundermann, JJ., concur.

---

**6.** The deed attached to Mueller's brief contains only one witness, and the signature on the notary line is illegible. A deed must be acknowledged by the grantor in the presence of two witnesses who shall attest the signing and subscribe their names to the attestation. R.C. 5301.01. The signature of the notary on the certificate of acknowledgement will not suffice as a witness signature where only one name is subscribed to the attestation clause. *White v. Denman* (1853), 1 Ohio St. 110.