The STATE of Ohio, Appellee,

v.

STURGEON, Appellant.

[Cite as *State v. Sturgeon* (2000), 138 Ohio App.3d 882.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000015.

Decided Sept. 22, 2000.

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *James Michael Keeling,* Assistant Prosecuting Attorney, for appellee.

*Jeffrey A. Shafer,* for appellant.

---

SUNDERMANN, Judge.

Defendant-appellant John Sturgeon lived with Gayla Ramsey "on and off" for ten years, and they have two children together.[1] On July 16, 1999, Sturgeon went to Ramsey's office, where a confrontation occurred between them. Sturgeon was thereafter indicted for and convicted of domestic violence against Ramsey, in violation of R.C. 2929.25(A), a fifth-degree felony.[2] The sentencing hearing was suspended pending the preparation of a presentence investigation report ("PSI"), the arresting officer's statement, and a victim-impact statement. Sturgeon reviewed the PSI before the sentencing hearing, but at the hearing he was not given an opportunity to respond to the victim-impact statement, which suggested that Sturgeon had previously "whipped" one of his children. Sturgeon was thereafter sentenced to four years' community control under the following conditions: (1) pay costs, (2) "stay away from Ramsey and her children," and (3) enter and complete a program recommended by the probation department. Sturgeon filed a motion to mitigate his sentence, alleging that the second condition requiring him to stay away from his children was not reasonably related to the violation. The motion was overruled. Sturgeon now appeals his sentence, and, in his sole assignment of error, he challenges that condition.

In this case, we must consider whether the additional community-control condition imposed on Sturgeon relating to his children for his felony conviction is statutorily and constitutionally permitted. Offenders who are convicted of a felony may be subject to conditions of "community control" under R.C. 2929.15 through 2929.18 where the trial court is not required to impose a prison term, a mandatory prison term, or life imprisonment.[3] R.C. 2929.15(A)(1) states the following:

"If in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one

---

1. Ramsey also has another child from a previous relationship.

2. The violation at issue here is a fifth-degree felony because Sturgeon had previously been convicted of domestic violence against a family or household member. See R.C. 2919.25(D).

3. See *State v. Griffin* (1998), 131 Ohio App.3d 696, 698, 723 N.E.2d 606, 608.

or more community control sanctions authorized pursuant to R.C. 2929.16 [governing residential sanctions], 2929.17 [governing nonresidential sanctions], or 2929.18 [governing financial sanctions] of the Revised Code. * * * The court *may* impose any other conditions of release under a community control sanction that the court considers appropriate." (Emphasis added.) [4]

Thus, when sentencing an offender convicted of a felony, the court may impose one or more community-control conditions, including residential, nonresidential, and financial sanctions, and the court may impose additional conditions that it considers "appropriate."

The parties urge us to review the validity of the contested condition under the three-part test set forth in *State v. Jones*.[5] The language of that test, however, was taken from the text of former R.C. 2951.02(C), which, prior to the amendments effectuated by Am.Sub.S.B. No. 2, applied to additional conditions of probation imposed on an offender convicted of either a misdemeanor or a felony. Specifically, former R.C. 2951.02(C) provided that "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender * * *." Following Senate Bill 2, that language was included only in the text of 2951.02(C)(1)(a),[6] which now relates to additional conditions of probation imposed on misdemeanants. R.C. 2929.15, which governs additional conditions of community control imposed on a felon, does not contain the above-quoted language of former R.C. 2951.02(C). Accordingly, we conclude that the *Jones* test is inapplicable here because Sturgeon was convicted of a felony and an additional community-control condition was imposed pursuant to R.C. 2929.15.

The general rule of statutory construction provides that the word "may" should be construed as "optional, permissive, or discretionary."[7] Based on the statutory language of R.C. 2929.15, we apply an abuse-of-discretion standard when reviewing an additional community-control condition imposed by the trial court.[8] Although the trial court generally retains discretion in how the sentence should be imposed and whether additional conditions are appropriate, we are

---

4. This section has subsequently been amended, but the amended version is inapplicable here.

5. (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469, 470.

6. R.C. 2951.02 has since been amended, but the amended version is inapplicable here.

7. See *Dorrian v. Scioto Conserv. Dist.* (1971), 27 Ohio St.2d 102, 107, 56 O.O.2d 58, 60, 271 N.E.2d 834, 837.

8. See *State v. Tabor* (Dec. 3, 1998), Cuyahoga App. No. 74774, unreported, 1998 WL 842154.

mindful that the court may not impose a condition that is unlawful or unconstitutional.[9]

In this case, we hold that the contested condition is not constitutionally or statutorily permitted. It is well established that the right to have custody of, and to raise, one's children is a substantial and fundamental civil right that may not be terminated without due process.[10] However, this right is not absolute. Pursuant to R.C. Chapter 2151, a juvenile court has the power to limit parental rights.[11] Generally, the procedures that result in the restriction of parental rights are graduated in nature, often starting with protective supervision of the child at home, then removal and temporary custody, and ultimately permanent custody if warranted. Though the juvenile court is, for example, empowered under R.C. 2151.353 to offer certain protections to an abused, neglected, or dependent child, such as an order removing a child from the home,[12] the statutory procedural requirements must nevertheless be followed.

In this case, Sturgeon's parental rights were effectively terminated, but he was not offered any of the procedural guarantees set forth in R.C. Chapter 2151. We judge this condition to be particularly troublesome because there is no evidence in the record that Sturgeon was convicted of abusing his children, or that the instant offense occurred in front of his children. Furthermore, even if we assume that the court, in imposing the contested condition, relied on the new information provided in the victim-impact statement alleging that Sturgeon had previously "whipped" his child, Sturgeon was not given the opportunity to respond to the new information as required under R.C. 2930.14(B). While we recognize the possible availability of other methods of placing lesser restrictions on an offender's relationship with his children, such as a temporary stay of parental visitation rights pending proceedings brought under R.C. Chapter 2151, or court-ordered counseling, we hold that here the trial court exceeded its lawful authority in ordering that Sturgeon could not have any contact with his children for four years. Such an order is equivalent to a termination of parental rights without due process.

For the foregoing reasons, we sustain Sturgeon's assignment of error and vacate that part of the sentence imposing, as a condition of Sturgeon's community control, a prohibition on all contact with his children for four years. Sturgeon's

---

9. See *State v. Mueller* (1997), 122 Ohio App.3d 483, 485, 702 N.E.2d 139, 141.

10. See *Stanley v. Illinois* (1972), 405 U.S. 645, 651–652, 92 S.Ct. 1208, 1212–1213, 31 L.Ed.2d 551, 558–559; *In re Murray* (1990), 52 Ohio St.3d 155, 157, 556 N.E.2d 1169, 1171.

11. See R.C. 2151.07.

12. See R.C. 2151.353(A)(6).

conviction and remaining conditions of probation, including the order that he stay away from Ramsey, are unaffected by this decision and remain in full force and effect. We vacate the sentence and remand the cause for the trial court to correct its sentencing entry in accordance with this decision and law.

*Sentence vacated*
*and cause remanded.*

GORMAN, P.J., concurs.

PAINTER, J., concurs separately.

PAINTER, Judge, concurring separately.

Judge Sundermann's analysis is flawless. I write separately to express my astonishment that the trial court believed that it could abrogate parental rights in such a summary manner. First, it was the wrong court—we have specialized courts to deal with child-custody issues. Second, the order that Sturgeon not have any contact with his children was just sprung upon him, almost as an afterthought, at a sentencing hearing. And third, the order to "stay away from Ramsey and her children" shows a fundamental misunderstanding—children are children of *both* parents.

Also troubling is the fact that neither Sturgeon nor his counsel was apparently permitted to view the victim-impact statement. We were informed at oral argument that some trial judges routinely keep the victim statements secret. Can a person be sentenced on information he has no opportunity to rebut? R.C. 2930.14 requires the court to give the defendant the opportunity to respond to any new information in the victim statement, but only *allows* the court to give the defendant a copy of the statement. If the defendant or counsel cannot read the statement, how can they respond? The resolution of the present case does not require us to decide whether such a "star chamber" proceeding is allowable—that issue awaits another day—but surely the far better practice is to furnish copies of the victim statements to all parties. Secrecy in any proceeding invites mistrust of the outcome.