OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Jon R. Daugherty, appeals from his conviction and sentence for domestic violence following a bench trial in the Girard Municipal Court.
On January 18, 2001, appellant was charged with one count of domestic violence, in violation of R.C. 2919.25(A). He entered a plea of not guilty to the charge, and the matter proceeded to a bench trial on March 1, 2001. During the trial, both the victim, who was appellant's ex-wife, and appellant testified. After hearing the evidence, the trial court found appellant guilty of domestic violence and sentenced him accordingly.
In his first assignment of error, appellant argues that the trial court abused its discretion when it improperly questioned him during the trial. Specifically, appellant claims that the trial court's "extensive questioning * * * demonstrated that the judge stepped beyond being impartial, and was assisting in eliciting evidence to support a conviction." We disagree.
At the outset, we note that appellant never objected to his questioning by the trial court; therefore, he has waived all but plain error. Statev. Baston (1999), 85 Ohio St.3d 418, 425. In the context of a criminal case, a court of review should invoke the plain error doctrine with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Jenks (1991), 61 Ohio St.3d 259,282; State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus; State v. Holley (Dec. 17, 1999), Ashtabula App. No. 98-A-0089, unreported, 1999 Ohio App. LEXIS 6101, at 26. Accordingly, it is generally accepted that plain error does not exist unless, but for the error, the outcome of the proceeding would have been different. Jenks at 282; Long at paragraph two of the syllabus; Holley at 26-27.
Evid.R. 614(B) provides that a trial court "may interrogate witnesses, in an impartial manner, whether called by itself or by a party." As a result, "[t]he right to question witnesses pursuant to Evid.R. 614(B) rests within the sound discretion of the trial court." State v. Williams
(Dec. 24, 1998), Trumbull App. No. 97-T-0148, unreported, 1998 WL 964576, at 8.
Generally speaking, "[a]bsent a showing of bias, prejudice, or prodding of the witness to elicit partisan testimony, it is presumed that the trial court interrogated the witness in an impartial manner in an attempt to ascertain a material fact or develop the truth." State v. Blankenship
(1995), 102 Ohio App.3d 534, 548. That is, "[a] court may question a witness concerning matters that are `clearly relevant to the independent determinations which the court [is] called upon to make[.]'" Mentor v.Brancatelli (Dec. 5, 1997), Lake App. No. 97-L-011, unreported, 1997 WL 772949, at 3, quoting Metaullics Sys. Co. L.P. v. Molten Metal Euip.Innovations, Inc. (1996), 110 Ohio App.3d 367, 370.
After reviewing the record, this court concludes that the trial court's questioning, while certainly vigorous, was limited in scope and primarily consisted of attempts to clarify appellant's testimony. Baston at 426. There is simply no indication that the questioning was either excessive or prejudicial to appellant's case. Id. In fact, the trial court's pointed questions were directed to several relevant factual issues, including appellant's motives for confronting the victim and the manner in which he entered the home where the victim was present during the altercation. Moreover, because this was a bench trial, the trial court is "accorded greater flexibility in questioning witnesses * * * [because] when there is no jury, there is no one to be prejudicially influenced by the judge's demeanor." Brancatelli at 4. See, also, Lorenc v.Sciborowski (Mar. 16, 1995), Cuyahoga App. No. 66945, 1995 WL 116850, at 5-6; Cleveland v. Papotnik (July 2, 1992), Cuyahoga App. No. 60160, unreported, 1992 WL 159805, at 4.
In any event, the trial court did not abuse its discretion when questioning appellant in the manner that it did, and the court's questions did not rise to the level of partiality or inappropriate advocacy in violation of Evid.R. 614(B). Therefore, appellant's first assignment of error is not well-taken.
Under assignment of error two, appellant contends that the trial court abused its discretion when it sentenced him without first giving him the opportunity to respond to a comment made by the victim during the sentencing portion of the March 1, 2001 proceedings.[1] In particular, appellant argues that "the trial court based the severity of the sentence on its belief that there had been prior incidents of domestic violence committed by [him] on the victim." While appellant concedes that such comments were certainly relevant to any sentence imposed by the trial court, he believes that because the victim's allegations were "new material facts," under R.C. 2930.14(B), the trial court had to either disregard the comments, or in the alternative, take appropriate actions to allow him an opportunity to adequately respond.
R.C. 2930.14(A) provides that before imposing sentence upon a criminal defendant, the trial court "shall permit the victim of the crime * * * to make a statement." However, R.C. 2930.14(B) also states that "[i]f the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing * * * proceeding or takes other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts."
Here, the trial court certainly considered the victim's comment about appellant's alleged prior violent conduct when determining appellant's sentence. However, the trial court did not continue the sentencing hearing or otherwise take appropriate action to allow appellant an adequate opportunity to respond to the new material facts as required under R.C. 2930.12(B). State v. Sturgeon (2000), 138 Ohio App.3d 882,886. This is troubling because there is no evidence in the record showing that appellant had been convicted of abusing his wife in the past. Accordingly, because the trial court did not provide appellant an adequate opportunity to respond to this new information, appellant's second assignment of error has merit.
Based on the foregoing analysis, the judgment of the trial court is affirmed in part, as to the finding of guilty, but is reversed in part as to the sentence imposed. Thus, the matter is remanded so that that trial court can conduct a new sentencing hearing.
NADER, J., GRENDELL, J., concur.
[1] We would note that during oral argument, appellant's attorney claimed that the victim's disputed statement was made before the trial court found appellant guilty. However, our review of the record clearly shows that the trial court first found appellant guilty of domestic violence and then permitted each side to comment on sentencing. After both sides presented their respective positions, the trial court simply restated its earlier finding of guilt before finally sentencing appellant.