DECISION
{¶ 1} Defendant-appellant Connie S. Burton appeals from two decisions of the Hamilton County Court of Common Pleas. Burton first appeals from the trial court's December 11, 2001, sentence in case number B-0108041-1-A. In that case, the trial court sentenced Burton to five years' community control with intensive supervision. The trial court additionally ordered that Burton was not to have custody of her four-year-old son during the five-year period of community control without the consent of the trial court.
{¶ 2} Burton also appeals the trial court's sentence of March 19, 2002, where the trial court revoked her community control in both case number B-9609627 and case number 0108041-1-A and imposed the maximum term of incarceration in each case to be served consecutively. For the reasons set forth below, we affirm in part, reverse in part, and remand for resentencing in case number B-9609627.
I. Case Number B-9609627
{¶ 3} On December 19, 1996, Burton entered a diversion program after being charged with theft in violation of R.C. 2913.02. On February 13, 1998, the trial court removed Burton from the diversion program and placed her case on the active file list. Burton pleaded no contest to the theft charge, a fifth-degree felony, and was convicted on April 7, 1998. One month later, the trial court sentenced Burton to five years of community control under intensive supervision, with regular reporting and drug testing.
{¶ 4} On November 15, 2001, the trial court found Burton guilty of violating the terms and conditions of her community control, just one day after Burton had pleaded no contest to receiving stolen property in case number B- 0108041-A-1. The trial court, however, continued Burton's community control. On February 19, 2002, the trial court again found Burton guilty of violating the terms and conditions of her community control. On March 19, 2002, the trial court terminated Burton's community control and sentenced her to the maximum prison term of twelve months. Before imposing sentence, the trial court discussed at great length Burton's inability to care for her four-year-old child.
II. Case Number B-0108041-1-A
{¶ 5} On November 2, 2001, Burton was indicted on one count of receiving stolen property in violation of R.C. 2913.51(A), a fifth-degree felony. The indictment alleged that property belonging to the Neyer Plumbing Company had been found on Burton's dining-room table. On November 14, 2001, Burton pleaded no contest and was convicted of the offense. On December 11, 2001, the trial court sentenced Burton to five years' community control with intensive supervision and referred her for drug testing and treatment. The trial court also ordered that Burton was not to have custody of her four-year-old son during the five-year period of community control without the consent of the trial court. Burton appealed this sentence on January 10, 2002.
{¶ 6} On March 19, 2002, the trial court found Burton guilty of violating the terms and conditions of her community control and sentenced Burton to twelve months in prison, the maximum term of incarceration for a fifth-degree felony. The trial court made the sentence consecutive to the one-year prison sentence imposed in case number B-9609627. During the sentencing hearing, the trial court talked at some length about Burton's lack of parenting skills and even declared Burton to be an unfit mother. Burton filed a second notice of appeal on March 28, 2002. On April 19, 2002, we consolidated Burton's appeals. Burton has raised three assignments of error for our review.
 III. Analysis
{¶ 7} In her first and second assignments of error, Burton argues that the trial court abused its discretion by ordering, as a condition of her community control in case number B-0108041-1-A, that she could not have any contact with her minor child. In her first assignment of error, Burton argues that this condition was unlawful because it terminated her right to custody of her child without the procedural protections afforded in R.C. Chapter 2151. In her second assignment of error, Burton additionally argues that the trial court abused its discretion when imposing this additional condition of her community control because it was unrelated to the crime for which she was convicted. Because these assignments are interrelated, we address them together.
{¶ 8} "In sentencing a felony offender, a trial court may impose a sentence that consists of one or more community control sanctions as authorized by R.C. 2929.16 [residential sanctions], 2929.17
[nonresidential sanctions], or 2929.18 [financial sanctions]."[1] The court may also "impose any other conditions of release under a community control sanction that the court considers appropriate."[2] In State v.Sturgeon,[3] we recognized that a trial court abuses its discretion when it imposes, as part of an offender's community-control sanctions, an additional condition that is unlawful, unconstitutional, or unrelated to the crime that the offender has committed. In Sturgeon, we held that a trial court had no authority to impose upon a defendant who had been convicted of the fifth-degree felony of domestic violence, as a condition of his community control, an absolute prohibition on any contact with his children for a period of four years.[4] We reasoned that such a prohibition effectively amounted to a termination of the defendant's parental rights without due process in violation of the defendant's statutory and constitutional rights.[5]
{¶ 9} In this case, the trial court convicted Burton of receiving stolen property and sentenced Burton to five years' community control with intensive supervision, drug testing, and drug treatment. The trial court also additionally prohibited Burton from having custody of her four-year-old son during the five-year period of community control without the trial court's consent. For the reasons set forth inSturgeon, we hold that the trial court acted outside its authority when imposing as part of her community control a condition prohibiting Burton from seeing her minor son. We, therefore, sustain Burton's first and second assignments of error and vacate that portion of the sentence that imposes, as a condition of Burton's community control, a prohibition on her custody of her minor child for five years without the trial court's consent.
{¶ 10} In her third assignment of error, Burton argues the trial court erred in sentencing her to the maximum prison term after it had revoked her community control in both cases, when she had otherwise never served a prison term. She further argues the trial court failed to state its reasons in the record for imposing the maximum prison term.
{¶ 11} Under R.C. 2929.15(B), a trial court has three options when an offender violates the conditions of his community control. The trial court can (1) lengthen the term of the community-control sanction, (2) impose a more restrictive community-control sanction, or (3) impose a prison term. If the trial court imposes a prison term, the term imposed must be within the range of prison terms specified in the notice provided to the offender at the original sentencing hearing.[6]
{¶ 12} A trial court may impose more than the minimum term for a first prison sentence if the court finds on the record that the minimum term would not adequately protect the public from future crime by the offender or others or that it would demean the seriousness of the offense.[7] When a trial court imposes the maximum term, it must additionally make one of four findings with supporting reasons: (1) that the offender has committed the worst form of the offense; (2) that the offender poses the greatest likelihood of recidivism; (3) that the offender is a repeat violent offender; or (4) that the offender is a major drug offender.[8]
{¶ 13} Burton was convicted of theft in case number B-9609627 and of receiving stolen property in case number B-0108041-1-A. Both of these offenses were fifth-degree felonies for which the trial court could impose a prison term of six months to twelve months.[9] In this case, the trial court sentenced Burton to the maximum prison term of twelve months on both offenses when it revoked her community-control sanctions.
{¶ 14} Burton first argues that when the trial court revoked her community control, it should not have imposed more than the minimum prison term because she had not previously served a prison term. We disagree.
{¶ 15} In each case, the trial court prepared and placed of record a felony-sentencing worksheet, which reflected the trial court's findings that imposing the shortest prison term would have "demean[ed] the seriousness of the offense" and would "not [have] adequately protect[ed] the public." Because the trial court made the required findings under R.C. 2929.14(B), we cannot say that the trial court's imposition of prison sentences exceeding the statutory minimum was either contrary to law or unsupported by the evidence.
{¶ 16} Burton next argues that the trial court erred in sentencing her to the maximum prison term because the trial court did not provide any reasons for imposing the maximum sentence. Burton further contends that the trial court based its decision to sentence her to the maximum prison term on its dissatisfaction with her parenting skills and its desire to keep her from having custody of her son.
{¶ 17} The record reveals that on the felony-sentencing worksheet, under the criteria for imposing the maximum sentence, the trial court marked that Burton posed the greatest likelihood of recidivism and that she had committed the worst forms of the offense. At the sentencing hearing, the trial court additionally stated that Burton had failed to report to her probation officer on numerous instances, that she had been declared an absconder, and that she had failed to pay the court costs and fines imposed in both cases.
{¶ 18} While we agree with Burton that the trial court excessively dwelled on her parenting skills, we hold the trial court's imposition of the maximum sentence in case number B-0108041-1-A was appropriate given that Burton had a prior criminal record, that she had committed the offense while on community control in case number B-9609627, and that she had violated her community control on numerous occasions. These facts supported the trial court's finding that Burton posed the greatest likelihood of recidivism. Consequently, we conclude that the trial court's imposition of the maximum sentence in case number B-0108041-1-A is clearly and convincingly supported by the record.
{¶ 19} We cannot conclude, however, that the trial court's imposition of the maximum sentence was supported by clear and convincing evidence in case number B-9609627. Although the trial court made the requisite findings under R.C. 2929.14(C) for imposing the maximum sentence, it failed to provide its reasons to support those findings. Consequently, we sustain the third assignment of error as it relates only to the B-9609627 maximum sentence.
{¶ 20} In sum, we vacate that part of the trial court's original sentence in case number B-018041-1-A that prohibited Burton from having custody of her son during the period of her community control, but we affirm the revocation of her community control and the imposition of the maximum sentence. In case number B-9609027, we vacate the maximum sentence imposed upon the revocation of her community control, and this case is remanded to the trial court for resentencing in case number B-9609627.
Sentences vacated in part and cause remanded.
Winkler, J. concurs.
Painter, P.J., concurs in part and dissents in part.
[1] State v. Bates (Nov. 5, 2000), 8th Dist. No. 77522.
[2] R.C. 2929.15(A)(1).
[3] (2000), 138 Ohio App. 3d 882, 885, 742 N.E.2d 730.
[4] Id. at 885-886.
[5] Id.
[6] See R.C. 2929.15(B)(5).
[7] R.C. 2929.14(B).
[8] See R.C. 2929.19(B)(2); State v. Edmonson, 86 Ohio St.3d 324,328-329, 1999-Ohio-110, 715 N.E.2d 131.
[9] See R.C. Chapter 2929.