{¶ 21} Again, a trial judge has exceeded his authority. More than two years ago we held, in State v. Sturgeon,[10] that a general division common pleas judge may not abrogate parental rights — we have specialized courts, statutes, and procedural safeguards for that process. Then, I wrote that I was astonished that a trial judge would even think of such an action. After Sturgeon, there is not a scintilla of an excuse for this procedure. A judge must not knowingly exceed his jurisdiction.
 {¶ 22} In addition, the record does not support the imposition of the maximum sentence on either case. The record consists almost entirely of statements by the trial judge concerning the child. It is obvious that, absent the consideration of this extra-jurisdictional issue, the sentence would have been much less severe.
 {¶ 23} Because this abuse pervades the entire sentencing process, I would normally be inclined to vacate the sentence in its entirety and remand to the trial court with instructions to follow the law. But despairing of that eventuality, I would exercise our authority under R.C. 2353.08(G)(2) and reduce the sentence to a six-month term in each case, with the terms to be served concurrently. I would not in any event remand this matter from whence it came.
[10] (2000), 138 Ohio App.3d 882, 885, 742 N.E.2d 730.