[Cite as *State v. Konkler*, 2025-Ohio-720.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Michael D. Hess, J.<br>Hon. Jason P. Smith, J. |
| Plaintiff-Appellee | |
| -vs- | Judges Hess and Smith Sitting by Assignment by the Supreme Court of Ohio |
| JEREMY KONKLER | Case No. 24CA000001 |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Guernsey County Court of Common Pleas, Case No. 23-CR-77

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 3, 2025

APPEARANCES:

For Plaintiff-Appellee

JASON FARLEY
Assistant Guernsey County
Prosecuting Attorney
627 Wheeling Avenue
Cambridge, Ohio 43725

For Defendant-Appellant

CHRISTOPHER BAZELEY, ESQ.
9200 Montgomery Road, Suite 8A
Cincinnati, Ohio 45242

*Hess, J.*

**{¶1}** Defendant-appellant Jeremy Konkler appeals the December 4, 2023 Judgment Entry of Sentence entered by the Guernsey County Court of Common Pleas, which sentenced him to an aggregate term of incarceration of fifty (50) years, after the trial court found him guilty upon acceptance of his guilty pleas to ten (10) counts of gross sexual imposition.  Plaintiff-appellee is the State of Ohio.

### STATEMENT OF THE CASE[1]

**{¶2}** On April 18, 2023, the Guernsey County Grand Jury indicted Appellant on eleven (11) counts of rape, in violation of R.C. 2907.02(B), felonies of the first degree; and twenty (20) counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree. Appellant appeared before the trial court for arraignment on May 11, 2023, and entered a plea of not guilty to the Indictment.

**{¶3}** After several continuances, the trial court scheduled the matter for jury trial on November 6, 2023. On November 2, 2023, the State and counsel for Appellant advised the trial court a negotiated plea had been reached.  Appellant appeared before the trial court on November 3, 2023, withdrew his former pleas of not guilty and entered pleas of guilty to ten (10) counts of gross sexual imposition. Following a Crim.R. 11(C) colloquy, the trial court accepted Appellant's pleas and found him guilty.  Pursuant to the terms of the negotiated plea, the State moved to dismiss the remaining counts.  The trial court ordered a pre-sentence investigation.

---

[1] A Statement of the Facts underlying Appellant's convictions is not necessary to our disposition of this appeal.

{¶4} The trial court conducted a sentencing hearing on December 1, 2023. As per the terms of the negotiated plea, the State recommended the trial court impose a combined sentence of forty-five (45) years. Detective Sergeant Bill Patterson with the Guernsey County Sheriff's Department, who was the lead investigator, testified regarding Appellant's post-arrest conduct, which revealed Appellant's "total lack of remorse." Transcript of Dec. 1, 2023 Sentencing Hearing at p. 26. Detective Patterson asked the court "to take into consideration a max sentence on this case of – of 50 years * * * it still doesn't feel enough." *Id.* at p. 29. The trial court ultimately sentenced Appellant to sixty (60) months of imprisonment on each count and ordered the sentences be served consecutively for an aggregate term of fifty (50) years in prison. The State made an oral motion to dismiss the remaining counts, which the trial court granted. The trial court memorialized Appellant's sentence via Judgment Entry of Sentence filed December 4, 2023.

{¶5} It is from this sentence Appellant appeals, raising the following as his sole assignment of error:

THE TRIAL COURT ABUSED ITS DISCRETION TO KONKLER'S PREJUDICE BY ALLOWING A LAY WITNESS TO ADVOCATE FOR THE MAXIMUM SENTENCE AND BY FOLLOWING THAT RECOMMENDATION.

I.

{¶6}    In his sole assignment of error, Appellant contends the trial court abused its discretion in allowing a lay witness to advocate for the imposition of the maximum sentence.

{¶7}    R.C. 2929.19(A) states, in relevant part:


> At the [sentencing] hearing, the offender, the prosecuting attorney, the victim or *the victim's representative * * **, and, *with the approval of the court, any other person may present information relevant to the imposition of sentence* in the case.
>
> (Emphasis added.) R.C. 2929.19(A).


{¶8}    While Appellant recognizes a trial court may, in its discretion, consider relevant statements regarding the appropriate sentence to be imposed, Appellant submits the trial court abused its discretion in not only allowing Detective Patterson to express such an opinion, but also in sentencing Appellant in accordance with the detective's opinion. Appellant asserts such violated his constitutional right to have his sentence determined by a judge. Appellant relies on the Ohio Supreme Court's decision in *State v. Fautenberry*, 72 Ohio St.3d 435 (1995), in support of its position.

{¶9}    In *Fautenberry*, the three-judge panel, during the penalty phase, considered victim-impact statements, which "included expressions from the victim's family, the victim's employer and the arresting officer concerning the impact of [the victim's] death on his survivors and the appropriate sentence that should be imposed." *Id.* at 438.

"Specifically, the victim-impact evidence indicated that each individual who was interviewed wanted appellant to receive 'the maximum sentence' available under the law." *Id.*

{¶10} The *Fautenberry* Court found "error in the admission of that part of the victim-impact statements which relate to sentencing recommendations." *Id.* at 439. However, the Court was "not persuaded that such error warrants reversal," finding "[a] review of the three-judge panel's decision in the instant action fails to demonstrate that the judges contemplated or relied upon the victim-impact evidence which was available to them." *Id.* The Court held, "[a]bsent an indication that the panel was influenced by or considered the victim impact evidence in arriving at its sentencing decision," the admission of such is not reversible error. (Citations omitted.) *Id.* The Court added, "because we presume that ' * * * in a bench trial in a criminal case the court considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.' " (Citations omitted.) *Id.*

{¶11} We find Appellant's reliance on *Fautenberry* is misplaced. First, unlike *Fautenberry*, this is not a capital case. Sentencing in capital cases is fundamentally different from non-capital cases. *See State v. Hufnagel*, 2014-Ohio-1799, ¶ 25 (7th Dist.). Next, and more importantly, Appellant ignores the Supreme Court's additional finding, even if it was error to admit the portion of victim-impact statements opining on the duration of the sentence, such error did not warrant reversal because the court is presumed to consider only the relevant, admissible evidence. *Fautenberry* at 439.

{¶12} From the record before this Court, we cannot conclude the trial court unduly considered, or was unduly influenced by, Detective Patterson's statements urging the

court to impose a fifty (50) year sentence.  The trial court specifically stated, it had "read and studied the presentence investigation, read and studied the victim impact statements in the matter * * * carefully considered the law of the State of Ohio * * * listened to the arguments of the attorneys, the statements of Detective Patterson, his testimony * * *, and carefully considered all of those." Tr. Sentencing Hearing at p. 42. Thereafter, the trial court discussed the sentencing factors in light of the facts before it.  The trial court noted Appellant's lack of remorse, the effect of his crimes not only on the victim, but also on the other members of the victim's household, Appellant's relationship with the victim, and the victim's loss of innocence and trust.  Absent an indication the trial court was influenced by or considered the detective's testimony in arriving at its sentencing decision, we find the trial court did not err in imposing the maximum sentence. See, *Fautenberry* at 439.

{¶13}  Based upon the foregoing, Appellant's sole assignment of error is overruled.

{¶14}  The judgment of the Guernsey County Court of Common Pleas is affirmed.


By: Hess, J.

Smith, J. concur

Hoffman, P.J.  dissents

*Hoffman, P.J., dissenting*

{¶15} I respectfully dissent from the majority's decision.

{¶16} From the record before this Court, I cannot conclude the trial court was not influenced by or considered Detective Patterson's statements urging the court to impose a fifty (50) year sentence. As the majority notes, the trial court specifically stated, it had "read and studied the presentence investigation, read and studied the victim impact statements in the matter * * * carefully consider the law of the State of Ohio * * * listened to the arguments of the attorneys, *the statements of Detective Patterson, his testimony * * *, and carefully considered all of those*." (Emphasis added.) Tr. Sentencing Hearing at p. 42.

{¶17} I find the trial court's specific statement it "carefully considered" the testimony of Detective Patterson and its subsequent imposition of the sentence recommended by the detective, which was above and beyond the sentence agreed upon by the State and Appellant, arguably indicates the trial court was, in fact, influenced by and specifically considered the detective's testimony in arriving at its sentencing decision. See, *Fautenberry* at 439.

{¶18} Accordingly, I would sustain Appellant's assignment of error, vacate Appellant's sentence, and remand the matter to the trial court.